Siegmund Y. Gutman, SBN 269524
sgutman@proskauer.com
Susan L. Gutierrez, SBN 273980
sgutierrez@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:    (310) 557-2900
Facsimile:    (310) 557-2193

Attorneys for Respondents

Steven A. Ellis, SBN 171742
sellis@goodwinprocter.com
Jason O. Braiman, SBN 292922
jbraiman@goodwinprocter.com
GOODWIN PROCTER LLP
601 S. Figueroa St., 41st Floor
Los Angeles, CA  90017
Telephone:    (213) 426-2500
Facsimile:    (213) 623-1673

Attorneys for Petitioner

[Additional counsel appear on signature page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:  APPLICATION OF TEVA PHARMA B.V. FOR AN ORDER PERMITTING ISSUANCE OF SUBPOENAS TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING | Case No. 14-MC-697 (PJWx) <br><br> [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

1.   A.     <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this 28 U.S.C. § 1782 proceeding and/or prosecuting or defending any or all of the Entitlement Proceedings identified in Table 1 (Dkt. No. 4, page 7) of Teva Pharma B.V.'s Memorandum of Points and Authorities in Support of Teva Pharma B.V.'s Application for an *Ex Parte* Order Pursuant to 28 U.S.C. § 1782 to Take Discovery From Amgen and From Dr. Timothy Osslund for Use in a Foreign Proceeding (the "Entitlement Proceedings" and, collectively, with this proceeding, the "Foreign Patent Actions") may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.     <u>GOOD CAUSE STATEMENT</u>

The Foreign Patent Actions are likely to involve trade secrets and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any other purpose than prosecution or defense of the Foreign Patent Actions is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding  confidential  business  practices,  or  other  confidential  research,

1

development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally available to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.   Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for an in the conduct of the Foreign Patent Actions, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.   It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be a part of the public record in this case.

2.   DEFINITIONS

2.1   Entitlement Proceedings:   the proceedings identified in Table 1 (Dkt. No. 4, page 7) of Teva Pharma B.V.'s Memorandum of Points and Authorities in Support of Teva Pharma B.V.'s Application for an *Ex Parte* Order Pursuant to 28 U.S.C. § 1782 to Take Discovery From Amgen and From Dr. Timothy Osslund for Use in a Foreign Proceeding

2.2   Foreign Patent Actions:   this pending 28 U.S.C. § 1782 application and the Entitlement Proceedings .

2.3   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.4   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for

2

1   protection under Federal Rule of Civil Procedure 26(c), and as specified above in
2   the Good Cause Statement.

3       2.5   Counsel: Outside Counsel of Record and House Counsel (as well as
4   their support staff).

5       2.6   Designating Party: a Party or Non-Party that designates information or
6   items that it produces in disclosures or in responses to discovery as
7   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
8   ONLY".

9       2.7   Disclosure or Discovery Material: all items or information, regardless
10  of the medium or manner in which it is generated, stored, or maintained (including,
11  among other things, testimony, transcripts, and tangible things), that are produced or
12  generated in disclosures or responses to discovery in this matter.

13      2.8   Expert: a person with specialized knowledge or experience in a matter
14  pertinent to the Foreign Patent Actions who has been retained by a Party or its
15  counsel to serve as an expert witness or as a consultant in the Foreign Patent
16  Actions.

17      2.9   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
18  Information or Items: extremely sensitive "Confidential Information or Items,"
19  disclosure of which to another Party or Non-Party would create a substantial risk of
20  serious harm that could not be avoided by less restrictive means. The Parties agree
21  to limit the designation of documents as "Highly Confidential – Attorneys' Eyes
22  Only" to documents such as employment records, agreements, and contracts with
23  third parties that are extremely sensitive.

24      2.10  House Counsel: attorneys, including patent attorneys, who are
25  employees of a party to this action as well as their support staff. House Counsel does
26  not include Outside Counsel of Record or any other outside counsel.

27      2.11  Non-Party: any natural person, partnership, corporation, association, or
28  other legal entity not named as a Party to this action.

3

2.12 <u>Outside Counsel of Record</u>: attorneys, including patent attorneys, who are not employees of a party to the Foreign Patent Actions but are retained, or are affiliated with a law firm that is retained, to represent or advise a party to the Foreign Patent Actions (as well as their support staff).

2.13 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.17 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at the Entitlement Proceedings shall by governed by the orders of the foreign tribunal. This Order does not govern the use of Protected Material at the Entitlement Proceedings.

4

1    4. DURATION

2        Even after final disposition of the Foreign Patent Actions, the confidentiality

3    obligations imposed by this Order shall remain in effect until a Designating Party

4    agrees otherwise in writing or a court order otherwise directs. Final disposition shall

5    be deemed to be the completion of the Foreign Patent Actions and exhaustion of all

6    applicable appeals, rehearings, remands, trials, or reviews of the Foreign Patent

7    Actions, including the time limits for filing any motions or applications for

8    extension of time pursuant to applicable law.

9    5. DESIGNATING PROTECTED MATERIAL

10       5.1    Exercise of Restraint and Care in Designating Material for Protection.

11   Each Party or Non-Party that designates information or items for protection under

12   this Order must take care to limit any such designation to specific material that

13   qualifies under the appropriate standards. The Designating Party must designate for

14   protection only those parts of material, documents, items, or oral or written

15   communications that qualify so that other portions of the material, documents,

16   items, or communications for which protection is not warranted are not swept

17   unjustifiably within the ambit of this Order.

18       Mass, indiscriminate, or routinized designations are prohibited. Designations

19   that are shown to be clearly unjustified or that have been made for an improper

20   purpose (e.g., to unnecessarily encumber or retard the case development process or

21   to impose unnecessary expenses and burdens on other parties) expose the

22   Designating Party to sanctions.

23       If it comes to a Designating Party's attention that information or items that it

24   designated for protection do not qualify for protection at all or do not qualify for the

25   level of protection initially asserted, that Designating Party must promptly notify all

26   other parties that it is withdrawing the mistaken designation.

27       5.2    Manner and Timing of Designations. Except as otherwise provided in

28   this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

5

1  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
2  under this Order must be clearly so designated before the material is disclosed or
3  produced.

4       Designation in conformity with this Order requires:

5       (a) for information in documentary form (e.g., paper or electronic documents,
6  but excluding transcripts of depositions or other pretrial or trial proceedings), that
7  the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY
8  CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains
9  protected material. If only a portion or portions of the material on a page qualifies
10 for protection, the Producing Party also must clearly identify the protected portion(s)
11 (e.g., by making appropriate markings in the margins).

12      A Party or Non-Party that makes original documents or materials available for
13 inspection need not designate them for protection until after the inspecting Party has
14 indicated which material it would like copied and produced. During the inspection
15 and before the designation, all of the material made available for inspection shall be
16 deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the
17 inspecting Party has identified the documents it wants copied and produced, the
18 Producing Party must determine which documents, or portions thereof, qualify for
19 protection under this Order. Then, before producing the specified documents, the
20 Producing Party must affix the appropriate "CONFIDENTIAL" or "HIGHLY
21 CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that
22 contains Protected Material. If only a portion or portions of the material on a page
23 qualifies for protection, the Producing Party also must clearly identify the protected
24 portion(s) (e.g., by making appropriate markings in the margins).

25      (b) for testimony given in deposition that the Designating Party identify on
26 the Disclosure or Discovery Material on the record, before the close of the
27 deposition all protected testimony, or, in a writing sent to counsel for all parties,
28 within 21 days of the Designating Party's receipt of the transcript of the deposition.

1    (c) for information produced in some form other than documentary and for
2  any other tangible items, that the Producing Party affix in a prominent place on the
3  exterior of the container or containers in which the information is stored the legend
4  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
5  ONLY." If only a portion or portions of the information warrants protection, the
6  Producing Party, to the extent practicable, shall identify the protected portion(s).

7    5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent
8  failure to designate qualified information or items does not, standing alone, waive
9  the Designating Party's right to secure protection under this Order for such material.
10  Upon timely correction of a designation, the Receiving Party must make reasonable
11  efforts to assure that the material is treated in accordance with the provisions of this
12  Order.

13    6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

14    6.1   Timing of Challenges. Any Party or Non-Party may challenge a
15  designation of confidentiality at any time that is consistent with the Court's
16  Scheduling Order.

17    6.2   Meet and Confer. The Challenging Party shall initiate the dispute
18  resolution process under Local Rule 37.1 et seq.

19    6.3   The burden of persuasion in any such challenge proceeding shall be on
20  the Designating Party. Frivolous challenges and those made for an improper purpose
21  (e.g., to harass or impose unnecessary expenses and burdens on other parties) may
22  expose the Challenging Party to sanctions. Unless the Designating Party has waived
23  or withdrawn the confidentiality designation, all parties shall continue to afford the
24  material in question the level of protection to which it is entitled under the
25  Producing Party's designation until the court rules on the challenge.

26    7. ACCESS TO AND USE OF PROTECTED MATERIAL

27    7.1   Basic Principles. A Receiving Party may use Protected Material that is
28  disclosed or produced by another Party or by a Non-Party in connection with the

1 Foreign Patent Actions only for prosecuting, defending, or attempting to settle the
2 Foreign Patent Actions. Such Protected Material may be disclosed only to the
3 categories of persons and under the conditions described in this Order. When a
4 particular Entitlement Proceeding has been terminated, any and all Receiving Parties
5 involved in that particular Entitlement Proceeding must comply with the provisions
6 of section 13 below (FINAL DISPOSITION).

7 Protected Material must be stored and maintained by a Receiving Party at a
8 location and in a secure manner[1] that ensures that access is limited to the persons
9 authorized under this Order.

10 7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless
11 otherwise ordered by the court or permitted in writing by the Designating Party, a
12 Receiving Party may disclose any information or item designated
13 "CONFIDENTIAL" only to:

14 (a) the Receiving Party's Outside Counsel of Record in the Foreign Patent
15 Actions, as well as employees of said Outside Counsel of Record to whom it is
16 reasonably necessary to disclose the information for the Foreign Patent Actions and
17 who have signed the "Acknowledgment and Agreement to Be Bound" that is
18 attached hereto as Exhibit A;

19 (b) the officers, directors, and employees (including House Counsel) of the
20 Receiving Party to whom disclosure is reasonably necessary for the Foreign Patent
21 Actions;

22 (c) Experts (as defined in this Order) of the Receiving Party to whom
23 disclosure is reasonably necessary for the Foreign Patent Actions and who have
24 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

25 (d) the court (including any foreign tribunal in the Foreign Patent Actions)
26 and its personnel;

27
28 [1] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

1    (e) court reporters and their staff;

2    (f) professional jury or trial consultants, mock jurors, and Professional
3 Vendors to whom disclosure is reasonably necessary for this litigation and who have
4 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5    (g) the author or recipient of a document containing the information or a
6 custodian or other person who otherwise possessed or knew the information.

7    (h) during their depositions, witnesses, and attorneys for witnesses, in the
8 Foreign Patent Actions to whom disclosure is reasonably necessary provided:  (1)
9 the deposing party requests that the witness sign the form attached as Exhibit 1
10 hereto; and (2) they will not be permitted to keep any confidential information
11 unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A),
12 unless otherwise agreed by the Designating Party or ordered by the court. Pages of
13 transcribed deposition testimony or exhibits to depositions that reveal Protected
14 Material must be separately bound by the court reporter and may not be disclosed to
15 anyone except as permitted under this Stipulated Protective Order;

16    (i) any mediator or settlement officer, and their supporting personnel,
17 mutually agreed upon by any of the parties engaged in settlement discussions; and

18    (j) Dr. Timothy Osslund and Dr. Christopher Hill, and who have signed the
19 "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit
20 A.

21    7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
22 ONLY" Information or Items. Unless otherwise ordered by the court or permitted in
23 writing by the Designating Party, a Receiving Party may disclose any information or
24 item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only
25 to:

26    (a) the Receiving Party's Outside Counsel of Record in the Foreign
27 Patent Actions, as well as employees of said Outside Counsel of Record to whom it
28 is reasonably necessary to disclose the information for the Foreign Patent Actions

9

1   and who have signed the "Acknowledgment and Agreement to Be Bound" that is
2   attached hereto as Exhibit A;

3           (b) House Counsel;

4           (c) Experts (as defined in this Order) of the Receiving Party to whom
5   disclosure is reasonably necessary for the Foreign Patent Actions and who have
6   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7           (d) the court (including any foreign tribunal in the Foreign Patent
8   Actions) and its personnel;

9           (e) court reporters and their staff,

10          (f) professional jury or trial consultants, mock jurors, and Professional
11  Vendors to whom disclosure is reasonably necessary for the Foreign Patent Actions
12  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
13  A);

14          (g) the author or recipient of a document containing the information or
15  a custodian or other person who otherwise possessed or knew the information;

16          (h) any mediator or settlement officer, and their supporting personnel,
17  mutually agreed upon by any of the parties engaged in settlement discussions.

18      7.4  Deposition Transcripts.  Transcripts of depositions received from the
19  court reporter in this action shall be treated, on a provisional basis, as Highly
20  Confidential for 28 days after a party receives the transcript, in order to permit all
21  parties to review the transcript and make any appropriate designations pursuant to
22  Section 5.2(b).

23      8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
24  IN OTHER PROCEEDINGS AND LITIGATION

25      If a Party is served with a subpoena or a court order issued in other litigation or
26  proceedings that compels disclosure of any information or items designated in this
27  action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
28  EYES ONLY"

1    (a) promptly notify in writing the Designating Party. Such notification shall
2    include a copy of the subpoena or court order;

3    (b) promptly notify in writing the party who caused the subpoena or order to
4    issue in the other litigation that some or all of the material covered by the subpoena
5    or order is subject to this Protective Order. Such notification shall include a copy of
6    this Stipulated Protective Order; and

7    (c) cooperate with respect to all reasonable procedures sought to be pursued
8    by the Designating Party whose Protected Material may be affected.

9    If the Designating Party timely seeks a protective order, the Party served with
10   the subpoena or court order shall not produce any information designated in this
11   action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
12   EYES ONLY" before a determination by the court from which the subpoena or
13   order issued, unless the Party has obtained the Designating Party's permission. The
14   Designating Party shall bear the burden and expense of seeking protection in that
15   court of its confidential material and nothing in these provisions should be construed
16   as authorizing or encouraging a Receiving Party in this action to disobey a lawful
17   directive from another court.

18   9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
19   PRODUCED IN THIS LITIGATION

20   (a)   The terms of this Order are applicable to information produced by a
21   Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY
22   CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by
23   Non-Parties in connection with this litigation is protected by the remedies and relief
24   provided by this Order. Nothing in these provisions should be construed as
25   prohibiting a Non-Party from seeking additional protections.

26   (b)   In the event that a Party is required, by a valid discovery request, to
27   produce a Non-Party's confidential information in its possession, and the Party is
28

11

1   subject to an agreement with the Non-Party not to produce the Non-Party's
2   confidential information, then the Party shall:

3            (1)   promptly notify in writing the Requesting Party and the Non-
4   Party that some or all of the information requested is subject to a confidentiality
5   agreement with a Non-Party;

6            (2) promptly provide the Non-Party with a copy of the Stipulated
7   Protective Order in this litigation, the relevant discovery request(s), and a
8   reasonably specific description of the information requested; and

9            (3) make the information requested available for inspection by the
10  Non-Party, if requested.

11       (c)   If the Non-Party fails to seek a protective order from this court within
12  14 days of receiving the notice and accompanying information, the Receiving Party
13  may produce the Non-Party's confidential information responsive to the discovery
14  request. If the Non-Party timely seeks a protective order, the Receiving Party shall
15  not produce any information in its possession or control that is subject to the
16  confidentiality agreement with the Non-Party before a determination by the court.
17  Absent a court order to the contrary, the Non-Party shall bear the burden and
18  expense of seeking protection in this court of its Protected Material.

19       10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

20       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
21  Protected Material to any person or in any circumstance not authorized under this
22  Stipulated Protective Order, the Receiving Party must immediately (a) notify in
23  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts
24  to retrieve all unauthorized copies of the Protected Material, (c) inform the person or
25  persons to whom unauthorized disclosures were made of all the terms of this Order,
26  and (d) request such person or persons to execute the "Acknowledgment and
27  Agreement to Be Bound" that is attached hereto as Exhibit A.

28

12

1    11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>
2    <u>PROTECTED MATERIAL</u>

3    When a Producing Party gives notice to Receiving Parties that certain
4    inadvertently produced material is subject to a claim of privilege or other protection,
5    the obligations of the Receiving Parties are those set forth in Federal Rule of Civil
6    Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure
7    may be established in an e-discovery order that provides for production without
8    prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar
9    as the parties reach an agreement on the effect of disclosure of a communication or
10    information covered by the attorney-client privilege or work product protection, the
11    parties may incorporate their agreement in the stipulated protective order submitted
12    to the court.

13    12. <u>MISCELLANEOUS</u>

14    12.1  <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any
15    person to seek its modification by the Court in the future.

16    12.2  <u>Right to Assert Other Objections</u>. By stipulating to the entry of this
17    Protective Order no Party waives any right it otherwise would have to object to
18    disclosing or producing any information or item on any ground not addressed in this
19    Stipulated Protective Order. Similarly, no Party waives any right to object on any
20    ground to use in evidence of any of the material covered by this Protective Order.

21    12.3  <u>Filing Protected Material</u>. A Party that seeks to file under seal any
22    Protected Material must comply with Civil Local Rule 79-5. Protected Material
23    may only be filed under seal pursuant to a court order authorizing the sealing of the
24    specific Protected Material at issue. If a Party's request to file Protected Material
25    under seal is denied by the court, then the Receiving Party may file the information
26    in the public record unless otherwise instructed by the court.

27

28

## 13. FINAL DISPOSITION

After the final disposition of the Foreign Patent Actions, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  January 9, 2015          Siegmund Y. Gutman
                                 Susan L. Gutierrez
                                 PROSKAUER ROSE LLP

                                 By: /s/ Siegmund Y. Gutman
                                 _____
                                          Siegmund Y. Gutman
                                 Attorneys for Respondents

DATED:  January 9, 2015          Steven A. Ellis
                                 Keith A. Zullow
                                 Jason O. Braiman
                                 GOODWIN PROCTER LLP

                                 By: /s/ Steven A. Ellis
                                 _____
                                          Steven A. Ellis
                                 Attorneys for Petitioner

IT IS SO ORDERED.

Dated: 1/15/15

*Patrick J. Walsh*

PATRICK J. WALSH

15

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the case of *In re: Application of Teva Pharma B.V. for an Order*

*Permitting Issuance of Subpoenas to Take Discovery for Use in a Foreign*

*Proceeding*, No. 14-MC-697 (PJWx). I agree to comply with and to be bound by all

the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any information

or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ [print

or type full name] of _____ [print or type

full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

16